IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-2879-M |
| | § | |
| TECHSTORM, LLC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant TechStorm LLC's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 9], seeking dismissal of Plaintiff Craig Cunningham's claim under the Telephone Consumer Protection Act. For the reasons stated below, the Motion is **GRANTED**.

1. **BACKGROUND**

Plaintiff Craig Cunningham filed this case on October 13, 2016, alleging that Defendant TechStorm, LLC violated the Telephone Consumer Protection Act ("TCPA"). Compl. ¶ 17 [ECF No. 1]. Plaintiff's Amended Complaint alleges that Defendant made automated telephone calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b) and § 227(c)(5). Am. Compl. ¶ 11 [ECF No. 9]. On December 5, 2016, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. **LEGAL STANDARD**

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although courts must presume that the plaintiff's factual allegations are true, "legal conclusion[s] couched as . . . factual allegation[s]" are not given such deference; a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions." *See id.*

### 3. DISCUSSION

Defendant seeks dismissal of Plaintiff's claim for violation of §§ 227(b) and 227(c)(5) of the TCPA. Section 227(b) of the TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call," or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii), (B). The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator" and to dial such numbers. *Id.* § 227(a). The Fifth Circuit has concluded that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or

prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

In its Motion to Dismiss, Defendant argues that Plaintiff "fails to coherently specify the time, date, or even the number of calls he allegedly received," and that these imprecise allegations "deprive [Defendant] of the fundamental right to fair notice and prejudice its ability to prepare a defense." ECF No. 10 at 3. Because Plaintiff does not provide the number from which Plaintiff received the allegedly unlawful calls, Plaintiff's own phone number, or the specific date and time or any alleged calls, Defendant maintains, Plaintiff makes only speculative and conclusory allegations that the calls originated from an automatic telephone dialing system and that the calls were made by Defendant. *Id.* at 4.

The Court finds that Plaintiff has failed to adequately state a claim on which relief can be granted. In the Amended Complaint, Plaintiff alleges that "in 2015 and/or 2016," he received "one or more phone calls" to his cellphone, made by an automatic telephone dialing system. Am. Compl. ¶ 7. Plaintiff claims that "at least one message was left," accompanied by a "brief period of dead-air time" and "multiple playback errors." *Id.* ¶ 8. Plaintiff alleges that the dead air time and the playback errors indicate that the message was being made by an automatic telephone dialing system. *Id.* ¶ 10. Plaintiff "believes that [D]efendant has attempted over 100 phone calls, as can be the case in other instances." *Id.* In summary, Plaintiff claims that "[w]hat is known is that at least one message was left, and that numerous phone calls including dead air time (indicative of [automatic telephone dialing system]) were received." *Id.* ¶ 7.

The Court notes that Plaintiffs pleads additional factual allegations in his Response not contained within the Amended Complaint. Generally, if the Court is presented with matters outside the pleadings in deciding a 12(b)(6) motion and does not exclude them, the motion must

be treated as one for summary judgment.  Fed. R. Civ. P. 12(d).  "Otherwise, a court must limit itself to the contents of the pleadings, including attachments thereto."  *Tornado BUS Co. v. BUS & Coach Am. Corp.*, 2015 WL 11120584, at *1 (Dec. 15, 2015) (Lynn, J.) (internal quotation marks omitted).  Because the Court did not give notice that it would consider facts outside of the pleadings, the Court disregards those factual allegations made by Plaintiff in his Response to the extent that they are not in the Amended Complaint.

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  The Amended Complaint does not provide sufficient factual allegations regarding the source, time, and frequency of the calls.  Plaintiff claims he received "one or more phone calls" to his cell phone, but does not provide the date or time these calls were received beyond stating the calls were made "in 2015 and/or 2016."  It is unclear how many calls Plaintiff is alleging to have received; he states his belief that Defendant has called over 100 times and makes references to having "received a call at on more than one occasions [sic]," but does not describe the time, date, or circumstances of any one specific call he is claiming to have received.  Instead, the Amended Complaint contains only vague generalizations regarding how many calls Plaintiff received.  While the Court recognizes that the Plaintiff is not required to plead specific details of every alleged offense or facts that may only be obtained through discovery, the Plaintiff should be capable of pleading at least some facts relating to the calls he is claiming to have received on his own phone, such as the approximate number of offending calls or approximate date they were received.

Nor does the Amended Complaint adequately plead facts from which the Court could conclude that the Defendant is liable for the misconduct alleged.  The Court recognizes that the Amended Complaint need not identify the specific telephone number called to sustain Plaintiff's

claim. *Crawford v. Target Corp.*, 3:14-cv-0090, 2014 WL 5847490, at *3 (N.D. Tex. Nov. 10, 2014) (finding that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"). However, the Amended Complaint contains no facts, such as the source of or phone number making the calls, indicating that *this* Defendant is responsible for the calls received by Plaintiff. *See Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). The Amended Complaint claims "receipt of a recorded message made by [D]efendant," but contains no additional facts identifying Defendant specifically, such as by a phone number or the contents of the message. Am. Compl. ¶ 8. Concerning one call, the Amended Complaint states that "no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly," but never states that the agents identified the Defendant as the source of that call. *Id.* ¶ 13. Thus, the Court concludes that Plaintiff has failed to plead adequate facts connecting Defendant with the alleged misconduct.

For repleading purposes, the Court notes that Plaintiff's description of the calls as including dead-air time is sufficient to establish use of an automatic telephone dialing system. *See, e.g.*, *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) ("[C]ourts have noted 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and found that courts can rely on details about the call to infer the use of an ATDS." (quoting *Knutson v. Reply!, Inc*., No. 10CV1267, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011))).

### 4. CONCLUSION

Defendant's Motion is therefore **GRANTED**, and this case is **DISMISSED** without prejudice for failure to state a claim. Plaintiff may file a second amended complaint within

twenty-one days asserting additional facts in support of his TCPA claim.  If he does not, this case will be dismissed with prejudice.

    **SO ORDERED.**

February 23, 2017.

                                                    **BARBARA M. G. LYNN**
                                                    **CHIEF JUDGE**