IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM,<br>   Plaintiff, | )<br>)<br>) | |
| vs. | ) | No. 3:16-CV-2879-S-BH |
| TECHSTORM, LLC,<br>   Defendant. | )<br>)<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order dated March 16, 2018 (doc. 38), this *pro se* case was referred for full case management. Before the Court for recommendation is *Plaintiff's Motion for Default Judgment*, filed October 31, 2017 (doc. 30). Based upon the relevant filings and applicable law, the motion should be **GRANTED in part.**

### I. BACKGROUND

On October 13, 2016, Craig Cunningham (Plaintiff) filed this case alleging that TechStorm, LLC (Defendant) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, when it made non-emergency, automated calls to his cell phone without his consent. (doc. 1 at 3-4.)[1] He subsequently amended his complaint to add factual allegations and clarify how Defendant's conduct allegedly violated both §§ 227(b) and (c) under the TCPA. (doc. 6.)

**A. Procedural History**

On December 5, 2016, Defendant moved to dismiss the first amended complaint for failure to state a claim on grounds that it failed "to coherently specify the time, date, or even the number of calls he allegedly received." (doc. 10 at 3.) The motion was granted on February 23, 2017, because the first amended complaint "did not provide sufficient factual allegations regarding the source, time, and

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

frequency of the calls," and did not include "facts from which the Court could conclude that Defendant is liable for the misconduct alleged" under the TCPA. (doc. 18 at 4.) Plaintiff was granted an opportunity to "file a second amended complaint within twenty-one days asserting additional facts in support of his TCPA claim," however. (*Id*. at 5-6.)

On March 6, 2017, Plaintiff timely filed a second amended complaint to include new and specific facts about the alleged phone calls to support his claim under the TCPA. (doc. 19 at 2-4.) It alleges that Defendant used an "automated telephone dialing system" and "conveyed prerecorded messages" to his cell phone without his consent. (*Id*. at 2.) It identifies specific days, times, and phone numbers for five of the calls Plaintiff received from Defendant, and explains that he was "told that he was called by the Defendant" by the "agents" with whom he was connected after the prerecorded messages. (*Id.* at 3.) It claims that this behavior violates 47 U.S.C. § 227(b) and § 227(c)(5) of the TCPA, and seeks statutory damages of $3,000.00 per phone call, pre-judgment interest, attorney's fees, court costs, and injunctive relief enjoining Defendant and its agents "from additional violations by naming the telemarketers that they are using."[2] (*Id*. at 3, 5.)

On September 18, 2017, Defendant's counsel moved to withdraw, and the motion was granted two days later. (docs. 27, 28.) Defendant was notified that because it "is a limited liability company, it may not represent itself in this Court," and "unless [it] appears through counsel by October 20, 2017, the Court may dismiss the case for want of prosecution." (doc. 28.) On October 30, 2017, an order was entered noting that no attorney had made an appearance on Defendant's behalf, and directing Plaintiff "to request and obtain an entry of default from the Clerk of Court and, thereafter, move for default

---

[2] Plaintiff does not request pre-judgment interest, attorney's fees, or injunctive relief in his motion for default judgment. (*See* doc. 30.)

2

judgment against Defendant . . . by no later than November 8, 2017." (doc. 29.)

### B. Motion for Default and Hearing

On October 30, 2017, Plaintiff filed a combined request for entry of default and motion for default judgment, and the Clerk entered default on November 1, 2017. (docs. 30, 31.) He seeks statutory damages of $3,000.00 per call for "at least 12 phone calls" from Defendant, for a total of $36,000.00, an additional $425.00 as "court costs," and a judgment in the amount of $36,425.00 against Defendant. (docs. 30-1; 32 at 2; 33 at 2.) An evidentiary hearing was conducted on May 11, 2018, during which Plaintiff was given the opportunity to submit additional evidence to establish his entitlement to the damages he requested. (doc. 39.)[3] He offered only testimony reiterating the statements in the affidavit attached to his motion for default judgment, (*see* doc. 40), but submitted no additional evidence as to the specific number of calls or any other factual information.

Defendant failed to respond to the motion for default or attend the hearing.

## II. DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*,

---

[3] Plaintiff was represented by counsel when he filed, suit but his counsel was allowed to withdraw on February 6, 2018, and Plaintiff elected to proceed *pro se*. (docs. 34, 35.)

84 F.3d at 141. Here, because Defendant failed to obtain counsel to represent it and otherwise defend, and Plaintiff has obtained an entry of default, the first two requisites for a default judgment have been met. (docs. 29, 31.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893).

In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the award is supported by a sufficient factual basis in the plaintiff's live complaint, and whether the specific amount of damages can be determined with "mathematical calculation by reference to information in the pleadings and supporting documents." *Ramsey v. Delray Capital LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A.  **Procedurally Warranted**

Courts consider numerous factors in deciding whether a motion for default judgment is procedurally warranted. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE &

4

RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685).

Here, the factors favor granting default judgment against Defendant. Regarding the first factor, although the requested judgment of $36,000.00 is not a relatively substantial amount of money, "it is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016). Under the second factor, there is a public interest in preventing automated telemarketing calls that were placed without the receiver's consent and without an emergency purpose. Though Defendant's default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by its continued delay in this case, which is the fourth factor. *See U.S. v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts as Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The seventh, eighth, and ninth

factors similarly favor default judgment because Defendant has not offered any evidence that its failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. Plaintiff has accordingly met the procedural requirements for default judgment. *See Ramsey*, 2016 WL 1701966, at *3.

**B.     Entitlement to Default Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.*

In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import

6

Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

1.  *47 U.S.C. § 227(b)*

Plaintiff first alleges a claim under § 227(b) of the TCPA, arguing that the "calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose." (doc. 19 at 3.)

Section 227(b) of the TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call," or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii), (B). The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," and to dial such numbers. *Id.* at § 227(a)(1). To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A); *see also Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017). The Fifth Circuit has concluded that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

Plaintiff's second amended complaint alleges that he received "unwanted" calls from

7

Defendant on his cell phone from an automatic telephone dialing system that were placed without his consent and without an emergency purpose. (doc. 19 at 2-3.) It identifies the date, time, and phone number for five separate calls that were placed by Defendant to his cell phone between March 18, 2015, and July 17, 2015. (*Id*.) It also alleges that each call included a "prerecorded message with multiple playback errors" that had "dead air time and clicking between the time the prerecorded message was played," which is characteristic of the use of an autodialer system. (*Id*. at 2.) It further explains that Plaintiff "was told that he was called by the Defendant" by a "live person" with whom he spoke after the recorded message played. (*Id*. at 3.)

Plaintiff has alleged sufficient facts to state a claim under § 227(b) of the TCPA for calls made to his cell phone. He alleges that Defendant made calls to his cell phone by the use of an automatic dialing system and prerecorded message without his prior express consent, and he additionally specified the frequency/times of the calls and the reasons for his contention that it was Defendant who called him. Plaintiff's pleadings "present sufficient factual context to notify Defendant of the conduct charged." *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) (denying motion to dismiss under Rule 12(b)(6) for claims under the TCPA). Plaintiff has provided a sufficient basis in the pleadings for a default judgment on his TCPA claim under § 227(b).

    **2.**    ***47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(b)***

Plaintiff next brings a claim under § 227(c)(5) of the TCPA for violations of 47 C.F.R. § 64.1200(b). (doc. 19 at 3.)

Section 227(c)(2) of the TCPA requires that "[n]ot later than 9 months after December 20, 1991, the Commission . . . shall prescribe regulations to implement methods and procedures for protecting the privacy rights described in such paragraph in an efficient, effective, and economic

8

manner and without the imposition of any additional charge to telephone subscribers." These prescribed regulations are found, in part, in 47 C.F.R. § 64.1200(b), which states that:

> All artificial or prerecorded voice telephone messages shall:
> (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call . . . ;
> (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual . . . ; and
> (3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section . . . . 47 C.F.R. § 64.1200(b)

Section 227(c)(5) of the TCPA allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations. 47 U.S.C. § 227(c)(5).

Plaintiff's second amended complaint alleges that the five identified calls from Defendant violated the first requirement under 47 C.F.R. § 64.1200(b) because the "artificial or prerecorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call." (doc. 19 at 3.) In his brief and attached affidavit, however, Plaintiff asks for a judgment based upon Defendant's violation of a different requirement under 47 C.F.R. § 64.1200(b), i.e., for "failing to have a do-not-call policy in place." (docs. 32 at 2, 30-1 at 1.) The second amended complaint wholly fails to include any allegations regarding Defendant's lack of a do-not-call policy. (*See* doc. 19.) When asked for the basis of his claims under § 227(c)(5) of the TCPA at the hearing on his default motion, Plaintiff answered that this claim may not have been properly alleged in his second amended complaint. (*See* doc. 40.) As such, Plaintiff has

9

not provided a sufficient basis in the pleadings for a default judgment on his TCPA claim under § 227(c)(5) because his pleadings fail to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" at best. *See Wooten*, 788 F.3d at 497.

C.     **Entitlement to Amount of Damages**

Because Plaintiff has provided a sufficient basis in the pleadings for a default judgment on his claim under § 227(b) of the TCPA, the Court must now determine whether a specific amount of damages can be determined with "mathematical calculation by reference to information in the pleadings and supporting documents." *Ramsey*, 2016 WL 1701966, at *3 (citing *James*, 6 F.3d at 310). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . [;] establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2).

For his claims based solely upon § 227(b) of the TCPA, Plaintiff asks for statutory damages of $1,500.00 per call for "at least 12 phone calls" from Defendant, as well as $425.00 for "costs of court."[4] (docs. 30, 30-1, 32, 33.)

1.     *Statutory Damages*

When a plaintiff succeeds on a TCPA claim, he can recover the greater of actual damages or $500 for each violation of § 227(b)(1)(A). 47 U.S.C. § 227(b)(3). The TCPA further states that if it is determined that the defendant willfully or knowingly violated the TCPA, a court may, in its discretion, increase the award to an amount equal to not more than three times the amount available ($500.00) under 47 U.S.C. § 227(b)(3)(B). *Id.* The TCPA "anticipates damages on an individual basis

---

[4] In his second amended complaint, Plaintiff also seeks pre-judgment interest, attorney's fees, and injunctive relief. (doc. 19 at 5.) He does not seek this in his motion for default judgment, and he confirmed that he was not seeking this relief during the hearing on his motion. (docs. 30, 32, 40.)

because the contemplated plaintiff is an individual natural person or business with a limited number of phone lines on which it might receive telemarketing calls." *MCI Commc'ns Servs., Inc. v. 1st United Telecom, Inc.*, No. 3:10-CV-2255-B, 2012 WL 12884830, at *3 (N.D. Tex. Nov. 15, 2012) (quoting *Cellco P'ship v. Wilcrest Health Care Mgmt. Inc.*, No. 09-3534 (MLC), 2012 WL 1638056, *9 (D.N.J. May 8, 2012)).

### a. Number of Calls

In his motion, Plaintiff contends that he is entitled to statutory damages for "at least 12 phone calls" from Defendant. (doc. 30-1.) His second amended complaint alleges that he is "still in the process of identifying all phone calls," but it specifically identifies only five calls with details on the date, time, and phone number for each individual call. (doc. 19 at 2.) Plaintiff was asked during the hearing on his default judgment motion if he could provide any additional information as to the "at least" seven additional phone calls that were vaguely identified in his affidavit. (doc. 40.) He did not submit any additional evidence or facts about the additional seven calls, and he did not testify as to whether there had been more than 12 phone calls from Defendant. (*See id.*)

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Moreover, "[o]nce a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *3 (E.D. Tex. Feb. 3, 2012). Courts that have similarly awarded default judgments for TCPA claims have determined the number of phone calls based upon the allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's

11

phone showing the alleged violations. *See Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017) (issuing default judgment in the amount of $24,000.00 on a TCPA claim because "[b]ased on the screenshots from [p]laintiff's phone, [d]efendant committed 48 separate violations"); *see also Jones*, 2012 WL 1580759, at *4 (issuing default judgment for two violations of the TCPA because "the plaintiff's complaint, taken as true, establishes that the defendant violated the TCPA on two separate occasions when they contacted him via his cellular phone on March 18, 2011, and March 22, 2011"). Based upon his default motion, affidavit, hearing testimony, and the allegations in his second amended complaint, Plaintiff has shown that Defendant is liable for only five violations of § 227(b) of the TCPA, requiring a minimum award of $2,500.00. *See Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011) (awarding $500.00 per violation of the TCPA, even though it was "out of all proportion to whatever minimal harm [the plaintiff] may have suffered due to [the defendant's] conduct"); *see also John Perez Graphics & Design, LLC*, 2013 WL 1828671, at *3 ("Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.").

### b.    Treble Damages

Plaintiff additionally contends that he is entitled to treble damages because the calls were made "intentionally and in the regular course of business." (doc. 30-1.)

Under the TCPA, a court may in its discretion award double or even treble damages for any "willful or knowing" violations of § 227(b). 47 U.S.C. § 227(b)(3). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015)

("[Defendant] had knowledge through its agent that [plaintiff] did not consent to further robo-calls[,] and [t]herefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate.").

Plaintiff's second amended complaint alleges that the five identified calls "were knowingly and willfully placed" because Defendant "had or should have ascertained they [*sic*] were calling the wrong person." (doc. 19 at 4.) This allegation, however, contradicts other allegations in the second amended complaint that Defendant's calls addressed Plaintiff directly by his own first name. (*Id*. at 2) (alleging that "each of the calls" began with "Hey Craig"). It further contradicts Plaintiff's own testimony at the hearing on this motion where he stated that Defendant's behavior was knowing and willful because it intentionally called him and made no mistake in his identity. (*See* doc. 40.)

Based upon his pleadings, affidavit, and hearing testimony, Plaintiff has not shown entitlement to treble damages because he has failed to identify why Defendant had a reason to know, or should have known, that its conduct would violate the statute, or that its conduct was "more than negligent." *Adamcik*, 832 F. Supp. 2d at 754-55 (refusing to award treble damages because "there was no evidence [the defendant] knowingly disregarded [the plaintiff's] revocation of consent, nor was there any evidence [the defendant] knew or should have known it was violating the TCPA"). There are no consistent allegations in the second amended complaint or the default judgment motion regarding Defendant's knowledge or intent in its TCPA violations; specifically, there are no allegations that Plaintiff actually notified Defendant that he did not consent to the calls, or that Defendant made any calls after being notified that it was violating the TCPA. *See Arredondo*, 2017 WL 7796192, at *2 (denying treble damages upon default judgment for a TCPA claim "because the pleadings and evidence do not offer a sufficient indication of when [d]efendant's sending of text messages could

13

have become willful and knowing"). Plaintiff has failed to show that he is entitled to treble damages under the TCPA, and he should instead be awarded $500.00 per violation, for a total of $2,500.00.

### 2. *Court Costs*

Plaintiff next seeks "cost of court amounting to $425.00" in the affidavit attached to his brief for default judgment. (doc. 33 at 2.) He does not specify the applicable statute that entitles him to court costs, and he also fails to identify how he calculated the $425.00 amount, particularly when this is less than the current fee assessed by the Northern District of Texas when a new action is filed.[5] *See* FEE & PAYMENT SCHEDULE, http://www.txnd.uscourts.gov/fee-payment-schedule (last visited May 25, 2018). Because the amount of court costs is not mathematically calculable, and no new evidence was introduced at the hearing to support an award in this amount, Plaintiff should not be awarded an additional $425.00.

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **GRANTED in part**, and he should be awarded $2,500.00 as damages for Defendant's violations of § 227(b) of the TCPA.

**SO RECOMMENDED** on this 29th day of May, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] 47 U.S.C. § 227(b)(3) provides for a private right of action for violations of § 227(b) of the TCPA, and it only allows a plaintiff to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation," which may be increased to "not more than 3 times" if a court finds that "the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3)(B).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE